**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JESUS SANTIAGO GARCIA, | No. 1:26-cv-01384 JLT-= CDB (HC) |
| Petitioner, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING RESPONDENTS' MOTION TO DISMISS |
| v. | |
| WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, *et al.*, | |
| | (A-Number 206-350-529) |
| Respondents. | (Doc. 9) |

Jesus Santiago Garcia is a federal immigration detainee. He initiated this action by filing of a petition for writ of habeas corpus under 28 U.S.C. § 2241 on February 17, 2026, while in custody of Immigration and Customs Enforcement at the Golden State Annex Detention Facility, located in McFarland, California, where he remains detained. (Doc. 1 ¶ 1.)

On April 30, 2026, the assigned magistrate judge issued findings and recommendations to grant Petitioner's petition for writ of habeas corpus and to deny Respondents' motion to dismiss. (Doc. 9.) The Court served the findings and recommendations on all parties, notified them that any objections were due in seven days, and warned that failure to timely file objections may result in the waiver of certain appellate rights. (Id. at 18, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).) Respondents timely filed objections, reiterating their earlier arguments (Doc. 10) that Petitioner is an applicant for admission such that his detention is governed by and mandatory under 8 U.S.C. § 1225(b) and that Petitioner is not entitled to a bond hearing or

1

immediate release. *Id.*; *see* (Doc. 8.)

According to 28 U.S.C. § 636(b)(1), the Court conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court concludes that the findings and recommendations are supported by the record and by proper analysis.

Accordingly, the Court **ORDERS**:

1. The findings and recommendations issued on April 30, 2026 (Doc. 9) are **ADOPTED** in full.

2. The petition for writ of habeas corpus (Doc. 1) is **GRANTED**.

3. Respondents' motion to dismiss (Doc. 8) is **DENIED**.

4. **Within 14 days of the date of service of this order**, unless Petitioner consents to a later date, Respondents are ordered to provide Petitioner with an individualized bond hearing before an immigration judge that complies with the procedures set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), where "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond," *id.* at 1203. In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the immigration judge should consider Petitioner's financial circumstances and alternative conditions of release. *Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017).

5. Prior to the bond hearing, the Petitioner and his counsel **SHALL** receive meaningful notice of the scheduled hearing and both **SHALL** be entitled to appear at the hearing.

6. The Clerk of Court is directed to **CLOSE THE CASE**.

IT IS SO ORDERED.

Dated:   **May 8, 2026**

_____
UNITED STATES DISTRICT JUDGE

2